## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FRANK THOMAS, Jr., #10159,** | ) | |
| **and ROSHANDA R.N. BARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-01099-NJR** |
| | ) | |
| **CHARLES DILLY,** | ) | |
| **MARYLAND DILLY,** | ) | |
| **SHERIFF LAKIN,** | ) | |
| **GARY BOST,** | ) | |
| **and LT. HOLLENBECK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Frank Thomas, Jr., who is currently detained at Madison County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against his former employer and several Jail officials. In the complaint, Thomas sets forth two sets of claims against these defendants. (Doc. 1, pp. 7-10, 16-20; Doc. 1-1, pp. 1-11). First, he brings numerous contract claims, on behalf of himself and his daughter, against his former employer, Charles and Maryland Dilly. Thomas seeks the return of property and monetary damages from them. (Doc. 1-1, p. 12). Second, he names three Jail officials in connection with the denial of dozens of miscellaneous requests he has made while at the Jail. Thomas seeks monetary damages and injunctive relief against Sheriff Lakin, Captain Bost, and Lieutenant Hollenbeck. (Doc. 1-1, pp. 13-14).

The complaint violates the Federal Rules of Civil Procedure and shall be dismissed, but the dismissal will be without prejudice. Thomas shall be granted leave to file an amended complaint that addresses the problems with the complaint discussed below.

## The Complaint

In the complaint, Thomas alleges that his former employer, Charles and Maryland Dilly, reneged on their promise to provide Thomas with a "lifetime job" and a home "whether there was work or not." (Doc. 1-1, pp. 4, 6-12). Thomas and his employer entered into this agreement sometime around May 2015. Less than three months later, the employer allegedly breached the contract. Thomas lost his job. Thomas and his daughter lost their home. They also lost their possessions. Thomas now sues his former employer for $433,914.00 in monetary damages.

He also names Sheriff Lakin, Captain Bost, and Lieutenant Hollenbeck, in conjunction with the denial of numerous requests he made at the Jail for access to legal materials, religious materials, medical care, financial records, and medical records. (Doc. 1, pp. 7-10, 17-20; Doc. 1-1, pp. 1-5; 13-15). Thomas includes multiple lists of requests he submitted to the three Jail officials and others in August and September 2015. He seeks monetary damages and injunctive relief.

## Discussion

The complaint suffers from two major problems that must be addressed before the Court can conduct a preliminary review of this matter pursuant to 28 U.S.C. § 1915A. First, Thomas improperly joined numerous unrelated claims and parties in a single action in violation of Federal Rules of Civil Procedure 18 and 20 ("Rule 18" and "Rule 20"). Second, the complaint does not satisfy the minimal pleading standards set forth in Federal Rules of Civil Procedure 8 and 10 ("Rule 8" and "Rule 10").

1.     **Misjoinder**

Thomas raises at least two discrete sets of claims against different groups of defendants. His contract claims against his former employer do not belong in the same action as his constitutional claims against the Jail officials. The two matters are entirely unrelated to one another. They involve distinct groups of defendants, different facts, unrelated legal claims, and different requests for relief. The claims cannot proceed together in this action.

Rule 20 allows Thomas to join as many defendants as he wants in one action, as long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" *and* "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Rule 18 allows a party to join "as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thomas cannot, however, bring unrelated claims against separate defendants in a single suit. A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This prohibition against multi-defendant, multi-claim suits avoids the procedural "morass" that comes with these types of cases. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). It also ensures that prisoners are paying the necessary filing fees and incurring strikes as envisioned by the Prison Litigation Reform Act. *Id.*

The misjoinder of these parties provides no basis for dismissing the action, but it does trigger application of Rule 21. That rule authorizes the Court to add or drop a party or sever any claim against a party "at any time, on just terms." FED. R. CIV. P. 21. This Court shall exercise its authority under Rule 21 to **DISMISS** Defendants **CHARLES** and **MARYLAND DILLY** from this action. Plaintiff **RASHONDA BARNES** shall also be **DISMISSED** as a party to this action,

in light of the fact that she is named only in conjunction with the claims against these defendants.[1] These parties shall be dismissed without prejudice to any other suit Thomas or Barnes would like to bring in state or federal court. The Court takes no position regarding the merits of the claims against Defendants Charles and Maryland Dilly.

## 2.      Pleading Violations

What remains in this action are the claims against the Jail officials. Even as to these defendants, the complaint fails to satisfy the most basic pleading standards set forth under Rules 8 and 10. The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8 requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the complaint be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). According to Rule 10, a plaintiff must "state his claims in separate numbered paragraphs, 'each limited as far as practicable to a single set of circumstances,' and . . . 'each claim founded on a separate transaction or occurrence' [must] be 'stated in a separate count' if 'doing so would promote clarity.'" *See Stanard*, 658 F.3d at 797. These rules "require[ ] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

---

[1] Barnes has undertaken no efforts to participate as a party in this action. For that reason, she will not be required to pay the $400.00 filing fee for this action.

The complaint consists of multiple lists in the form of request logs, letters, notes, and grievances. There, Thomas describes dozens of requests he submitted to the defendants and other Jail officials in August and September 2015. These exhibits are arranged in no particular order, be it chronologically, by defendant or otherwise. Further, the requests cover a broad range of items that include, but are not limited to, a Q'uran, Tucks medicated pads, notary services, indigent supplies, and law library access. Although Thomas names Sheriff Lakin, Captain Bost, and Lieutenant Hollenbeck as the only Jail official defendants, his requests are directed at numerous additional Jail officials who are not named as defendants in this action. These Jail officials include Doctor Blankenship, Nurse Barbara Unfried, "N. Smart Mouth," and others. Thomas refers to no legal basis for relief against any particular defendant and fails to explain what each defendant did to violate his rights, constitutional or otherwise. *See Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014); *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014) ("a plaintiff need not plead legal theories in [his] complaint," but must plead sufficient facts to put the defendants on notice of a plausible claim). The Court simply cannot determine who did what to Thomas to violate a federally recognized right. Under the circumstances, the complaint shall be dismissed. *See Stanard*, 658 F.3d at 797-98 (unintelligibility and disorganization justify rejecting a complaint).

### First Amended Complaint

If Thomas wishes to pursue his claims against the Jail officials, he must file an amended complaint that clearly and succinctly sets forth his legal claims against each of the named defendants in separate numbered paragraphs that are organized, to the extent possible, in chronological order, by defendants, or by claims. Rather than include batches of request logs, grievances, and lists with no explanation, Thomas should prepare a "statement of claim" that

states "as briefly as possible[ ] when, where, how, and by whom" his constitutional rights were violated. (Doc. 1-1, p. 4). In doing so, Thomas must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He may supplement the complaint with exhibits that consist of the request logs, grievances, etc. that support his claims against each defendant.

Thomas stands warned that this Court will sever unrelated claims against different defendants into new cases. He will be assessed a separate filing fee[2] for each new case. If he wishes to avoid additional filing fees associated with newly-severed cases, Thomas should not bring unrelated claims against separate defendant(s) in his amended complaint. He is also warned that any individual who is mentioned in the statement of claim, but not listed among the defendants, shall be dismissed from the action. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif]ied] in the caption"). Further instructions for amending the complaint are set forth below in the disposition.

## Pending Motions

### 1. Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2)

Thomas has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), but he has not yet provided the Court with a certified copy of his trust fund account statement. Until he does, this Court cannot rule on the pending motion. He shall be ordered to produce this documentation in the disposition below. In the meantime, the Court **RESERVES RULING** on the motion.

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted leave to proceed *in forma pauperis*, however, is exempt from paying the new $50.00 fee.

2.        **Motion for Recruitment of Counsel (Doc. 3)**

Thomas also has filed a motion for recruitment of counsel (Doc. 3). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

As previously explained, Thomas has not submitted his trust fund account statement for the 6-month period prior to filing this action. Therefore, the Court is unable to determine whether he is, in fact, indigent. Further, Thomas has disclosed no efforts to secure counsel on his own before seeking the Court's assistance in doing so. Although the Court is unable to assess the difficulty of this case, given the large number of improperly joined claims in the complaint, the Court is persuaded that Plaintiff can proceed without counsel at this time. He is a college

graduate, demonstrates an ability to communicate his complaints in writing, and discloses no health issues that impede his ability to proceed *pro se*.

The motion for recruitment of counsel (Doc. 3) is **DENIED**, but the denial is without prejudice; the Court remains receptive to the idea of recruiting counsel should Thomas wish to renew his request at any time after filing his first amended complaint.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for non-compliance with Rules 8, 10, 18, and 20 of the Federal Rules of Civil Procedure and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**IT IS FURTHER ORDERED** that Plaintiff **ROSHANDA BARNES** and Defendants **CHARLES DILLY** and **MARYLAND DILLY** are **DISMISSED** without prejudice from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure. The **CLERK** is **DIRECTED** to **TERMINATE** these individuals as parties.

Plaintiff is **GRANTED** leave to file his amended complaint **on or before December 4, 2015.** Should Plaintiff fail to file his first amended complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint." Thomas must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the

facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint. Finally, the pleading is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is hereby **ORDERED** to provide the Court with a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of this action (from 4/1/2015 – 10/5/2015) **on or before December 4, 2015.**

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

  **IT IS SO ORDERED.**

  **DATED:  October 29, 2015**

                _____
                **NANCY J. ROSENSTENGEL**
                **United States District Judge**