IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK THOMAS, Jr., #B-29288, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-01099-NJR |
| | ) |
| CHARLES DILLY | ) |
| and MARYLAND DILLY, | ) |
| | ) |
|                 Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is now before the Court for consideration of Plaintiff Frank Thomas, Jr.'s First Amended Complaint ("amended complaint") (Doc. 16). In it, Plaintiff claims that he entered into a verbal contract for "lifetime employment" with Charles and Maryland Dilly on June 6, 2014. (Doc. 16, p. 5). As part of this agreement, Charles Dilly allegedly "gave" Plaintiff a house. (*Id.*). Not long after, Plaintiff was replaced by another employee without warning. Plaintiff not only lost his job, but he also lost his home and personal property. He now sues the defendants for breach of contract. He seeks $476,188.00 in damages. (*Id.* at 6; Doc. 16-1).

## Merits Review Under 28 U.S.C. § 1915A

This case is before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

In order to obtain relief under 42 U.S.C. § 1983, Plaintiff must demonstrate that "a person acting under color of state law deprived him of a right, privilege, or immunity secured by either the Constitution or by federal law." *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015). The amended complaint suffers from two glaring problems, in light of this standard.

First, the defendants are not "person[s] acting under color of state law." *Id*. In the amended complaint, Plaintiff names Charles and Maryland Dilly as the only defendants. These individuals are private citizens and, as such, are not subject to suit under § 1983. This is because

the allegations do not suggest that either defendant qualifies as a state actor or willfully participated in a joint action with a state actor. *See, e.g., Tom Beu Xiong v. Fischer*, 787 F.3d 389, 397 (7th Cir. 2015) (citing *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 281 (7th Cir. 1986); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) ("A private defendant acts 'under color of' state law for purposes of Section 1983 when [he or she] is a 'willful participant in joint action with the State or its agents.'")).

Second, the amended complaint sets forth no claim under the Constitution or federal law. Plaintiff asserts a single claim for breach of contract against the defendants. This claim arises under state law. *Laborers' Pension Fund v. Aces Envtl. Corp.*, 2011 WL 5980985 (N.D. Ill. Nov. 29, 2011) ("A breach of contract claim is a state law claim over which this court does not have original jurisdiction."). Plaintiff should have brought his breach of contract claim against the defendants in state court.

In fact, at the time his original complaint was dismissed, Plaintiff was instructed to focus his amended complaint on an entirely different set of claims. (Doc. 16). In the original complaint, Plaintiff also sued several officials at Madison County Jail for miscellaneous violations of his constitutional rights. (Doc. 1). The Court granted Plaintiff leave to file an amended complaint focusing only on his claims against the Jail officials: "If Thomas wishes to pursue his claims against the Jail officials, he must file an amended complaint that clearly and succinctly sets forth his legal claims against each of the named defendants. . . ." (Doc. 6, p. 5). He disregarded these instructions and pursued his claim against Charles and Maryland Dilly instead—despite the fact that the Court dismissed Charles and Maryland Dilly under Federal Rule of Civil Procedure 21 because they were improperly joined in this action. That was Plaintiff's choice.

The amended complaint fails to pass muster under § 1915A, and the action shall be dismissed without prejudice. This Order does not preclude Plaintiff from pursuing his breach of contract claim in state court. The Order also does not prevent him from filing a separate complaint pursuant to § 1983 against officials at Madison County Jail in federal court.[1]

## Pending Motions

Plaintiff's Motion for Service of Process at Government Expense (Doc. 7) is **DENIED as moot**.

Plaintiff's second Motion for Recruitment of Counsel (Doc. 18) is also **DENIED**. The appointment of counsel would not change the outcome of this case. The facts simply do not support any claim for relief in federal court against the defendants.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[1] If Plaintiff chooses to file a new action in federal court, he will be obligated to pay a separate filing fee for the action. Plaintiff should also remain mindful of the applicable statute of limitations, which is two years for § 1983 actions in Illinois. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 6, 2016

*(signature)*

**NANCY J. ROSENSTENGEL**
**United States District Judge**